UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILLIP HOWSE, et al.,<br><br>             Plaintiffs,<br><br>  v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>             Defendants. | CASE NO. C16-5939 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Defendants Department of Corrections and Washington State Department of Social and Health Services' ("Defendants") motion to amend answer (Dkt. 41). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On November 30, 2017, the Court granted Plaintiff Phillip Howse's ("Howse") motion for leave to file an amended complaint.  Dkt. 31.  Howse filed his amended

complaint that same day. Dkt. 32. On December 14, 2017, Defendants answered. Dkt. 34.

On May 31, 2018, Defendants filed this instant motion seeking leave to file an amended answer. Dkt. 41. The proposed amended answer adds the affirmative defenses of insufficiency of service of process and release. *Id*. at 2. On June 13, 2018, Howse responded. Dkt. 44. On June 15, 2018, Defendants replied and moved to strike Howse's response as untimely. Dkt. 45.

## II. DISCUSSION

Although the Court agrees that Howse's response is untimely under the local rules of procedure, the Court finds that Defendants will not be prejudiced if the Court considers it. Therefore, the Court denies Defendants' motion to strike.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this case, Howse opposes Defendants' proposed amendments because (1) they have been waived and (2) Howse would be prejudiced. Dkt. 44 at 3–4. While waiver may be an issue with Defendants' insufficiency of service defense, *see* Fed. R. Civ. P. 12(h)(1), Howse has failed to show that the amendment would be futile. Howse does mention waiver, but fails to cite appropriate authority or clearly articulate the argument

that Defendants have waived this defense. Moreover, Howse has failed to show prejudice, let alone "undue prejudice." *Hall*, 697 F.3d at 1073. At most, Howse would be forced to respond to a motion to dismiss wherein the likely relief, if granted, would be leave to properly serve Defendants. *See Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion."). Therefore, the Court grants Defendants' motion on this defense.

Regarding the defense of release, Howse argues that Defendants waived this defense because they failed to assert it in their answers. Dkt. 44 at 3–4. Defendants counter that their counsel recently learned of the facts supporting this defense. Dkt. 45 at 3–4. On this record, the Court will grant Defendants leave to amend a newly discovered affirmative defense because Howse has failed to show any dilatory motive on behalf of Defendants.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to amend answer (Dkt. 41) is **GRANTED**. Defendants shall file the amended answer no later than July 31, 2018.

Dated this 19th day of July, 2018.

BENJAMIN H. SETTLE
United States District Judge