UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILLIP HOWSE, individually and on behalf of his marital community with GWENDYLENA HOWSE, his wife<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C16-5939 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Phillip Howse's ("Howse") motion for reconsideration. Dkt. 91.

On October 11, 2018, the Court granted in part and denied in part Defendants the State of Washington, the Department of Corrections, and the Washington State Department of Social and Health Services's ("Defendants") motion for summary judgment and denied Howse's motion for leave to amend. Dkt. 86. On November 5, 2018, Howse filed a motion for reconsideration. Dkt. 91.

ORDER - 1

Motions for reconsideration "are disfavored" and "will ordinarily" be denied absent a manifest error of law or new facts that necessitate reconsideration. Local Rules W.D. Wash. LCR 7(h)(1).

In this case, Howse argues that the Court committed manifest errors in denying his motion for leave to amend and in granting a portion of Defendants' motion. Dkt. 91. First, Howse asserts, without authority, that "[i]f the Court had allowed the amendment to add tortfeasors managers Brian Clark and Mark McFarland, it would have cured any Eleventh Amendment immunity issues addressed in this Court's order." *Id.* at 3. Howse fails to articulate or provide the Court any indication of how adding a state employee in his official capacity cures these immunity issues. Moreover, the Court cited, and Howse fails to refute, his assertion that allowing the amendment in federal court would merely alleviate a separate action in state court. Dkt. 86 at 17 (citing Howse's motion, Dkt. 67 at 2, ¶ 4). Thus, Howse has failed to identify any manifest error that warrants reconsideration.

Second, Howse argues that Defendants would not be prejudiced if the Court allowed the amendments. Howse, however, fails to recognize that the standard at this point of the proceeding is whether Howse was diligent is seeking to amend his claims. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Failing to show diligence ends the inquiry. *Id.* Howse failed to show diligence in his motion to amend and in the instant motion. Therefore, the Court denies Howse's motion for reconsideration on this issue.

Third, Howse argues that the Court committed manifest error in granting Defendants summary judgment on his harassment, hostile work environment, and retaliation claims. Dkt. 91 at 4–6. Howse, however, merely recites the facts that the Court has already considered. Howse fails to articulate a specific error in the Court's analysis of the burden shifting framework or the Court's conclusion that Howse failed to identify severe and pervasive conduct. *See* Dkt. 86 at 12–16. Therefore, the Court denies Howse's motion on this issue.

**IT IS SO ORDERED**.

Dated this 7th day of November, 2018.

BENJAMIN H. SETTLE
United States District Judge